The Honorable Brad W. Butler Prosecuting Attorney Nineteenth Judicial District Benton County Courthouse 100 Northeast A Street Bentonville, Arkansas 72712
Dear Mr. Butler:
This is in response to your request for an opinion on the following questions:
 Can the City Attorney for Bentonville, Arkansas, who [has][1]
received a Deputy's Commission from the Prosecuting Attorney's Office of the 19th Judicial District, [and who] prosecute[s] violations of law in his Municipal Court "in the name of the State," ethically provide legal representation to criminal defendants in Circuit and Juvenile Court within the 19th Judicial District?
 Would it be ethically permissible for a City Attorney to provide legal representation to criminal defendants in the Circuit or Juvenile Court within the 19th Judicial District if they prosecute the Municipal Court appeals" in the name of the State" in Circuit Court?
Your first question appears to be substantially identical to the question answered in response to your inquiry in Op. Att'y Gen. 95-083. You have, however, provided additional factual information in the current request. In particular, the information provided in your request suggests that, notwithstanding your use of the phrase "a Deputy's Commission" in your first question, the individual at issue in your first question is actually a city attorney who has been designated under A.C.A. § 16-21-115
(Repl. 1994), rather than a deputy prosecutor appointed under A.C.A. §16-21-113 (Repl. 1994).
To the extent your first question is, however, concerned with an individual who has been appointed a deputy prosecutor under A.C.A. §16-21-113, it is my opinion, for the reasons set forth in Op. Att'y Gen.95-083, that a deputy prosecutor is ethically prohibited from representing defendants in criminal proceedings within the judicial district served by him.[2] Although Op. Att'y Gen. 95-083 did not address the propriety of a deputy prosecutor's defense of juveniles in juvenile proceedings within his judicial district, it is my opinion that such defense also is ethically prohibited, for the reasons set forth in that opinion.
To the extent your first question is concerned with an individual who, as a city attorney, merely has been designated to prosecute violations of state misdemeanor laws occurring within the municipality's limits pursuant to A.C.A. § 16-21-115, and who is not a deputy prosecutor under A.C.A. § 16-21-113, the additional facts set forth in your current request may become relevant. You state in your request:
 My office prosecutes felonies and all juvenile offenses which arise in Benton and Carroll Counties. In addition, the Prosecuting Attorney's Office also prosecutes in the Municipal Courts all misdemeanor offenses occurring outside the city limits of the incorporated areas in Benton and Carroll Counties, or in incorporated areas not having a City Court. All other misdemeanors, and those occurring inside areas which have a Municipal or City Court are prosecuted by either the elected City Attorney for the municipality, or by an attorney appointed to prosecute such cases by the city. The elected or appointed attorney prosecuting in the Municipal or City Courts do so "in the name of the State" based on designation by me, pursuant to § 16-21-115 of the Arkansas Code Ann. Other than the power of appointment (and presumably the power of removal), I do not exercise managerial control with respect to these appointees. These attorneys are paid by the municipality for which they prosecute, and do not receive supervision from me as the elected prosecutor. Their jurisdiction is limited by their designations to misdemeanors committed within the municipality for which they prosecute. These attorneys are designated as City Attorneys rather than Deputy Prosecuting Attorneys. However, while the designations state that the City Attorneys are to prosecute in Municipal and other Corporate Courts, it is common practice in Benton and Carroll Counties for the City Attorneys to also prosecute appeals to Circuit Court from their Municipal or City Courts.
Arkansas Code Annotated § 16-21-115 provides:
 A prosecuting attorney may designate the duly elected or appointed city attorney of any municipality within the prosecutor's district to prosecute in the name of the state in municipal or other corporation courts violations of state misdemeanor laws, which violations occurred within the limits of the municipality, if the city attorney agrees to the appointment.
Arkansas Code Annotated § 16-21-150 (Repl. 1994), enacted by Act 1306 of 1993, provides:
 No prosecuting attorney shall prosecute city misdemeanor cases or appeals to circuit or appellate courts unless the prosecuting attorney consents to do so.
This office recently opined that the phrase "city misdemeanor cases," as used in A.C.A. § 16-21-150, means cases involving violations of state misdemeanor laws occurring within the limits of the municipality. See
Op. Att'y Gen. 95-235 (copy enclosed). That opinion also stated that city attorneys are required, due to the enactment of A.C.A. § 16-21-150, to prosecute city misdemeanor cases, whether in corporate or juvenile courts, and appeals of city misdemeanor cases to circuit courts, unless, in each case, the prosecutor "consents" to prosecute such cases.
As explained in Op. Att'y Gen. 95-235, the enactment of A.C.A. §16-21-150 effected two changes in the law. First, it relieved prosecutors of the responsibility of prosecuting city misdemeanor cases. Under prior law, prosecutors had that responsibility, but could delegate it, to the extent such prosecutions occurred in municipal or other corporation courts, to city attorneys under A.C.A. § 16-21-115 if the city attorney consented. As interpreted by Op. Att'y Gen. 95-235, the enactment of A.C.A. § 16-21-150 relieved prosecutors of the responsibility of prosecuting city misdemeanor cases by implicitly repealing the last clause of A.C.A. § 16-21-115, which formerly permitted city attorneys to decline to be designated to prosecute city misdemeanor cases. As stated in the opinion, city attorneys are now responsible for prosecuting city misdemeanor cases, whether in municipal or other corporation courts, or in juvenile courts.
Second, the enactment of A.C.A. § 16-21-150 gave city attorneys express statutory authority, and imposed upon them the duty, to prosecute appeals to circuit court of city misdemeanor cases. Prior to the enactment of A.C.A. § 16-21-150, city attorneys had no such authority. See, e.g., Op. Att'y Gen. 93-010.
In each instance, the city attorney is relieved of his duty to prosecute city misdemeanor cases and appeals thereof to circuit court only if the prosecutor consents to perform those tasks. See A.C.A. § 16-21-150 and Op. Att'y Gen. 95-235.
It is clear, therefore, that city attorneys have significantly increased prosecutorial responsibility following the enactment of A.C.A. §16-21-150. It is my understanding that substantially all city attorneys in the state currently exercise all of the prosecutorial responsibility imposed upon them; in other words, it is my understanding that few, if any, prosecutors have consented, under A.C.A. § 16-21-150, to prosecute all city misdemeanor cases in all forums. As a result, city attorneys appear regularly in a prosecutorial capacity in municipal and other corporate courts, juvenile courts, and circuit courts.
In response to your first question, it is my opinion, for the reasons stated in Op. Att'y Gen. 95-243, that it is not ethically permissible for a city attorney designated under A.C.A. § 16-21-115 to represent defendants in criminal proceedings in circuit or juvenile courts within his judicial district.[3] In my view, it makes no substantive difference whether an individual performing the prosecutorial function is a designated city attorney, an elected prosecuting attorney, or a deputy prosecutor. Although, as indicated in your request, the elected prosecutor may not supervise or exercise managerial control over a designated city attorney in the performance of his prosecutorial duties, this fact is, in my opinion, a subtle one that may not be appreciated fully by the public. As stated in Op. Att'y Gen. 95-243, the public's perception of the administration of justice is an important consideration in resolving these questions, and it may be unreasonable to expect the public to distinguish substantively among individuals performing the prosecutorial function within a judicial district. Regardless of the nature and extent of supervision and control, the fact remains that a city attorney, in prosecuting city misdemeanor cases, represents the state.
It is true that city attorneys generally are paid salaries by their municipalities. See A.C.A. §§ 14-42-112 (Cum. Supp. 1993) and 14-43-410. I would point out in this respect, however, that in carrying out their prosecutorial duties they may collect the fees usually allowed prosecuting attorneys. See A.C.A. §§ 14-42-112, 14-43-410, and 21-6-410 (Cum. Supp. 1993).
The answer to your second question follows from what is stated above. The public perception of the administration of justice would be that much more negatively affected to the extent a designated city attorney appears in a prosecutorial capacity not only in municipal and other corporation courts but also in circuit court, and also represents defendants in criminal proceedings before the circuit court and juveniles before the juvenile court. In my opinion, it is ethically impermissible for a designated city attorney to represent defendants in criminal proceedings before the circuit courts of his judicial district or juveniles before the juvenile courts of his judicial district, whether or not he also prosecutes appeals of city misdemeanors before the circuit court.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] Your request uses the word "had." I assume, however, that the city attorney to whom you refer currently has a "deputy's commission."
[2] As in Op. Att'y Gen. 95-083, I express no opinion with respect to whether a deputy prosecutor (a) may also be a city attorney designated to prosecute under A.C.A. § 16-21-115, or (b) may ethically represent defendants in criminal proceedings or juveniles in juvenile proceedings outside his judicial district.
[3] I express no opinion with respect to whether a designated city attorney may ethically represent defendants in criminal proceedings or juveniles in juvenile proceedings outside his judicial district.